IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIGHTING SCIENCE GROUP CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. _____ |
| | ) |
| SIGNIFY N.V. (F/K/A PHILIPS LIGHTING N.V.) & SIGNIFY NORTH AMERICA CORPORATION (F/K/A PHILIPS LIGHTING NORTH AMERICA CORPORATION) | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFF LIGHTING SCIENCE GROUP CORP.'S
MOTION FOR LEAVE TO FILE COMPLAINT AND
<u>RELATED DOCUMENTS UNDER SEAL</u>**

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff Lighting Science Group Corp. ("LSG") hereby moves for an Order permitting the filing of its complaint under seal. LSG respectfully moves the Court for leave to file its complaint under seal to protect its confidential and proprietary information, including LSG's confidential reverse engineering analyses, and resulting infringement contentions from disclosure.

LSG has also included redacted versions of its Complaint. The redacted version of the Complaint and related papers satisfies the intention of the open court system, while protecting LSG's privacy interests. If left unsealed, public access to LSG's confidential information could hamper LSG's ability to control the use of its costly, proprietary engineering analyses of the accused products, and inhibit LSG's ability to enforce its patent rights against third parties, pursue licensing discussions, and/or negotiate open exchange of information with third parties to determine whether they have used or would be interested in using LSG's patented technology.

{01444386;v1 }

"Good cause [to seal records] is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1069- 70 (3d Cir. 1984) (citations omitted). The Third Circuit has identified a non-exhaustive list of factors to balance when evaluating whether documents should be sealed. *Pansy v. Borough of Stroudsburg*, 23 F .3d 772, 787-91 (3d Cir. 1994).

Under the first *Pansy* factor, disclosure will violate LSG's established privacy interests in its claim charts.   A patent owner has a legitimate interest in maintaining the confidentiality of its infringement contentions or claim charts for all of these reasons.  *See, e.g., In re TR Labs Patent Litig.*, No. CIV.A. 09-3883 PGS, 2014 WL 3501050, at *2 (D.N.J. July 14, 2014) (declining to specifically reference infringement contentions as they had been filed under seal); *ExitExchange Corp. v. Casale Media Inc.*, No. 2:10-CV-297, 2012 WL 996960, at *2 (E.D. Tex. Mar. 23, 2012) (affirming the confidentiality of infringement contentions by denying motion to unseal infringement contentions); *Word to Info Inc v. Google Inc.*, No. 15-CV-03486-WHO, 2016 WL 3648605, at *6 (N.D. Cal. July 8, 2016).

The second, third, fourth, fifth, sixth, and seventh *Pansy* factors are either neutral, or weigh in favor of sealing LSG's records.  Under the second factor, LSG cannot identify a legitimate purpose Defendants might propose for the Confidential Exhibits to be unsealed.  It is not anticipated that Defendants will oppose this motion, as they already have access to the Confidential Exhibits.  Under the third factor, disclosure will not cause embarrassment to a party. The information is not important to public health and safety, under the fourth *Pansy* factor.  The information is already shared between litigants, thus unsealing the exhibits will not promote fairness and efficiency in accordance with the fifth factor. Finally, under the sixth factor, the party benefitting from the order to seal the documents—LSG—is not a public entity or official.

-3-

Because the balance of the *Pansy* factors weighs in favor of protecting LSG's rights in the confidentiality of its claim charts, and because LSG has tendered redacted versions of its Complaint and related papers with this request to otherwise effectuate the goals of the open court doctrine, LSG respectfully requests that the Court grant its motion to seal the Complaint and related papers.

*Of Counsel:*

Bradley W. Caldwell
John Austin Curry
Christopher S. Stewart
Justin T. Nemunaitis
Hamad M. Hamad
Daniel R. Pearson
Alexis F. Mosser
CALDWELL CASSADY CURRY PC
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
(214) 888-4848

Kayvan B. Noroozi
Joel P. Stonedale
James A. Milkey
Karly Valenzuela
NOROOZI PC
11601 Wilshire Blvd., Suite 2170
Los Angeles, CA 90025
(310) 975-7074

Dated: May 1, 2019

ASHBY & GEDDES

*/s/ Andrew C. Mayo*
_____
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*
*Lighting Science Group Corp.*